### HIRSCH v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. June 26, 1905.)

STREET RAILROADS—COLLISION WITH AUTOMOBILE—NEGLIGENCE.

In an action against a street railroad for injuries to an automobile which was struck by a passing car, the evidence showed that a motorman upon a stalled car motioned for the operator of the automobile to pass in front of him. The operator stood up in the machine, and saw the car with which he collided approaching at a distance of about 75 feet, and nevertheless proceeded to cross the track at slow speed. *Held*, that the act of the motorman in signaling for the automobile to cross was not negligent.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, §§ 190–194.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Louis Hirsch against the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

William E. Weaver, for appellant.

Steiner & Peterson, for respondent.

MacLEAN, J. The plaintiff recovered judgment against the defendant for injuries to his automobile, damaged while operated by his son, who attempted to cross Fifth avenue at its intersection with Broadway at Twenty-Third street, this city, and came into collision with a north-bound car of the defendant. Evidence there is none of want of care on the part of the defendant, unless it be predicated upon the act of a motorman of one of a line of stalled cars on the south-bound track, between whose car and the car ahead was left a space of about 10 feet, and who, the plaintiff testified, motioned that he should go ahead. It does not appear, however, that this obliging motorman was acting or assuming to act for the general operation of the road at that point, or for more than that there was room to pass in front of his car, and that he would wait. Besides,

the son of the plaintiff stood up in the machine, and, looking through the windows of the stalled car, saw the car with which he subsequently came into collision approaching at a distance of about 75 feet south. He apparently knew more of the situation, saw more, and knew better what to expect, than the motorman of the car with which he collided, yet he put on slow speed and proceeded to cross. If this were the exercise of care by himself, the want of it by the servant of the defendant is difficult to presume.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.